SECOND DISTRICT COURT OF THE CITY OF NEWARK.

CHARLES GUENTNER, Jr., PLAINTIFF, v. DISCOUNT COMPANY OF AMERICA, A CORPORATION, AND JOSEPH SMITH, DEFENDANTS.

Decided February 2, 1934.

For the plaintiff, *Jacob S. Glickenhaus.*

For the defendants, *Dixon Speakman.*

*Amicus curiæ, William A. Wachenfeld,* prosecutor of the pleas, by special assistant prosecutor, *Leon W. Kapp.*

FREUND, J. The default existing at the time the car was taken was $5.55. In addition to that, before the conditional vendee may retake his car, he must pay a reasonable sum for the expense incurred in the process of retaking. In each instance what would be a reasonable sum would depend upon the reasonable work involved, necessitated by the retaking. Each case, under those circumstances, will have to stand on its own feet.

In this particular case it is apparent that the defendant knew where the plaintiff in replevin resided. I am satisfied the plaintiff kept his car there before he left in the morning and after he returned in the evening. The evidence before me discloses the time to be approximately up to nine in the morning, and after six in the evening, excepting those evenings on which he went out. The bailiff charged with the taking of the car explains that for several days after trying

to find the plaintiff at the place he was informed was the place of business of the plaintiff, he traveled about trying to discover the car upon the highway. I am satisfied he knew where he could have taken that car; there was no reason for traveling about. That may be a prevailing method of taking cars; it may be a convenient method so far as the bailiff is concerned; but to work out his own convenience at the expense of the conditional vendee cannot be permitted. There is no reason for it. The act of finding the car, unguarded, and carting it off, without going to the place where he could ordinarily get the car, affording him the opportunity of taking the car without the possibility of a tender being made, does not impress me. He could have taken that car by using reasonable diligence, at the home of the plaintiff. He saw fit to take it when the plaintiff was not present. He was motivated by the idea of taking the car when the plaintiff was not present.

He did not diligently perform his duties by going at a reasonable hour to the home of this man and taking it. The statute anticipates a fair relationship between the parties. It would be legal principle to determine that the statute anticipates that there be a demand for the sum in defualt, as is the ruling of the courts in the garage lien cases. The statute specifically anticipates certain circumstances. The construction of that act (garage lien) by the courts is to the effect that there is no lien created until there is a refusal to pay, nor a right to take possession by virtue of the lien until after demand for payment has been made.

I think it is essential to my determination at this time to decide whether or not, before the right to repossession by the conditional vendor arises, there must be a demand. It is quite certain that before repossession, a tender of the balance due under the terms of the contract—that is fairly to be construed the installment due at the time of the default—and the payment of a reasonable charge for repossession, gives rise to right to repossession. The reasonable charge depends upon the circumstances in each particular case. I am satisfied, where diligence afforded the bailiff an opportunity to retake by going to the vendee's home, he should have done so.

There was some suggestion here that the process of running the business entails a cost for putting into operation the machinery for retaking. I am mindful of the fact that in the agreement between the parties there was a $52.50 charge made. I am cognizant of the testimony of the manager of the company to the effect that in the chart arrangement for charges made, there is an anticipatory charge for expenses incurred in retaking cars and the loss involved. A method of calculation or a strict bookkeeping analysis of the system is not essential. I am satisfied that $52.50 is quite a substantial charge, and embraces the expectations and the possibilities of the risks of their business. It includes a general standard charge for the cost involved in retaking all cars. Surely there is ample there; irrespective of how the conditional vendor allocates its charges, not to warrant a $25 fantasy to be added to the charges already made, as a charge for the retaking.

I am satisfied there was a demand upon the bailiff Smith, who was in possession of the car, for the return of the car upon the tender of $10 for services, plus $5.55, plus $4.60. I am satisfied at the same time, it was made to Mr. Heiman by several of the witnesses here—Mr. Kapp, Mr. Glickenhaus and Mr. Guentner. I am satisfied that Smith demanded $25 for the retaking. I am satisfied that Mr. Heiman spoke to Mr. Kapp, Mr. Glickenhaus and Mr. Guentner. Mr. Guentner made arrangements to speak to some man in response to a telephone call, and I am satisfied the demand was made by Mr. Heiman, and that the demand made by Mr. Smith was with defendant's permission and approval, and that the demand of $25 was unreasonable under the circumstances.

There having been a tender of the amount in default and a reasonable sum for the retaking, the refusal to return the car thereafter was an unlawful detainer.

There will be judgment for possession against the Discount Company of America and Joseph Smith of the chattel demanded in the writ, and a judgment of $50 for unlawful detention. There will be a $10 counsel fee under the Replevin act for counsel for the plaintiff.